### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00598-JAR |
| | ) | |
| EVELYN SHARP-HEITERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

The Court has reviewed the record of this action. In every case the Court is obligated to determine if there is jurisdiction. The Court finds that Plaintiff Christopher Michael Sanchez's complaint is deficient and will give Plaintiff the opportunity to file an amended complaint by August 25, 2025.

### BACKGROUND

On April 28, 2025, Plaintiff filed this action [ECF No. 1]. On July 28, 2025, Defendant Evelyn Sharp-Heitert and Defendant Hermann London Real Estate Group each filed a motion to dismiss Plaintiff's complaint for failure to state a claim [ECF Nos. 19, 21]. On July 29, 2025, Plaintiff filed motions to strike Defendants' filings, a motion for entry of Clerk's default against Defendants, and a motion to strike Defendant Hermann London Real Estate Group's disclosure statement [ECF Nos. 23, 24, 25, 34].

### DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's complaint omits basic facts

necessary for Defendants to prepare answers and identify potential procedural issues and possible defenses.

Plaintiff must file an amended complaint on the Court's Civil Complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Plaintiff must prepare the amended complaint in accordance with the Federal Rules of Civil Procedure, including Rules 8 and 10. In the caption of the Civil Complaint form, Plaintiff must write the names of the Defendants. Fed. R. Civ. P. 10(a). In the "Statement of Claim" section, Plaintiff must set out a short and plain statement of his claim or claims. Fed. R. Civ. P. 8(a)(2). Plaintiff must set out his claim or claims in a simple, concise, and direct manner, and he must allege facts to support every claim he asserts. Fed. R. Civ. P. 8(d)(1).

Plaintiff's factual allegations must explain which Defendants had a role in each claim, so that Defendants will have notice of what Plaintiff is accusing them of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). In other words, simply listing the name of a claim is not enough. The statement of the claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must set out his allegations in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names more than one Defendant in the amended complaint, he should only include

2

claims that arise from the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff's failure to timely and fully comply with this Order may result in the dismissal of this case, without prejudice and without further notice.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint no later than **August 25, 2025.** All pending motions [ECF Nos. 19, 21, 23, 24, 25, 34] in this action are therefore **DENIED** as moot and without prejudice.

Dated this 4th day of August, 2025.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**